IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DEON CHRISTOPHER NOWELL, | ) | CR #:  2:04-680 |
| | ) | CA #:  2:12-cv-2420-DCN |
| Petitioner | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

On August 21, 2012, Deon Christopher Nowell ("Nowell"), acting *pro se*, filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. (Docket Entry 53). Petitioner's motion asserts that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), his sentence was erroneously enhanced under 21 U.S.C. § 851 through the use of a non-qualifying predicate offense, namely, a South Carolina state court conviction for simple possession of cocaine. The Government filed a Motion to Dismiss or for Summary Judgment on November 8, 2012. A Roseboro Order was filed on the same day directing Nowell to respond to the Government's Motion in thirty-four days. Nowell has filed no response to the Government's Motion.

PROCEDURAL BACKGROUND

On July 14, 2004, a federal grand jury indicted Nowell on seven counts. Count One charged him with knowingly, intentionally, and unlawfully possessing with intent to distribute and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). Count Two charged him with knowingly, intentionally, and unlawfully possessing with intent to distribute and distributing five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Three charged him with knowingly, intentionally, and unlawfully

possessing with intent to distribute and distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Four charged him with knowingly, intentionally, and unlawfully possessing with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A). Count Five charged him with knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Six charged that Nowell, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Count Seven charged him with knowingly using and carrying firearms during and in relation to, and possessin firearms in furtherance of a drug trafficking crime which is prosecutable in a court of the United States, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i).

On October 1, 2004, the Government filed Notice of Enhancement pursuant to 21 U.S.C. § 851, advising Nowell that, based upon his four state convictions for drug offenses, he was subject to enhanced penalties Counts One through Five of the Indictment. (Docket Entry 26). On October 13, 2004, Nowell pled guilty to Counts Two, Four, Five, Six and Seven in accordance with a written Plea Agreement. (Docket Entry 28).

On March 10, 2005, Nowell was sentenced to a term of imprisonment of three-hundred (300) months, such term consisting of two-hundred forty (240) months as to Counts Two, Four, and Five; a concurrent one-hundred twenty (120) months as to Count; and sixty (60) months as to Count Seven to run consecutively to other terms of imprisonment imposed. Judgment was entered on March 17, 2005. (Docket Entry 36-37). Nowell filed a Notice of Appeal to the Fourth Circuit Court of Appeals on March 25, 2005. (Docket Entry 39). The Fourth Circuit

affirmed this court's decision and entered final judgment on February 21, 2006. (Docket Entry 50). Petitioner did not file a writ of certiorari to the United States Supreme Court. As noted above, he filed this motion to vacate sentence under 28 U.S.C. § 2255 on August 21, 2012. (Docket Entry 53).

## ANALYSIS

Title 28 of the United States Code, Section 2255 allows a prisoner claiming the right to be released on the basis that his sentence was imposed in violation of the Constitution or laws of the United States to move the Court in which his sentence was imposed to vacate, set aside, or correct the sentence. However, under 28 U.S.C. § 2255(f), a one-year period of limitation applies to any motion filed under § 2255. The limitation period runs from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Nowell's conviction became final more than six years before he filed his § 2255 motion. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[f]or the purpose of starting the clock on § 2255 motion's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). See also United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006) (criminal

defendant's conviction did not become "final" for the purposes of a section 2255 petition until [90] days after the court of appeal issued its ruling on direct appeal).

Nowell was sentenced on March 10, 2005. The judgment was filed on March 17, 2005. (Docket Entry 36-37). He appealed to the Fourth Circuit on March 25, 2005. (Docket Entry 39). The Fourth Circuit affirmed this court's decision and entered judgment on February 21, 2006. (Docket Entry 50). Because petitioner did not file a writ of certiorari, the judgment became final on May 22, 2006. Nowell had one year, specifically until May 22, 2007, to file his § 2255 motion to vacate. He did not file his motion until August 21, 2012. (Docket Entry 53). Therefore, his § 2255 motion is untimely under § 2255(f)(1) and will be dismissed.

Petitioner seems to argue that his claim is timely under the doctrine of equitable tolling, but has made no showing that the doctrine should apply in his case. Equitable tolling "has been applied in 'two generally distinct kinds of situations.'" Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (quoting Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996)). First, "where plaintiff [was] prevented from asserting their claims by some kind of wrongful conduct on the part of defendant," and second, where "extraordinary circumstances beyond the plaintiff's control made it impossible to file the claims on time." Id. However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstance of individualized hardship supplant the rules of clearly drafted statutes." Id.

Petitioner has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 motion. Nor has he alleged that there were any "extraordinary circumstances" beyond his control that prevented him from filing his motion

within the statute of limitations other than the recent Fourth Circuit decision in <u>Simmons</u>.[1]

Nowell has offered no basis to invoke equitable tolling and his motion should be dismissed.

**THEREFORE**, the Government's Motion to Dismiss or for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

AND IT IS SO ORDERED.

_____
David C. Norton
United States District Judge

March 7, 2013
Charleston South Carolina

---

[1] <u>Simmons</u> does not apply in his case. Nowell's September 19, 2002 conviction for cocaine possession was a predicate felony offense because he <u>could</u> have received a sentence in excess of one year.